United States District Court
Southern District of Texas
**ENTERED**
December 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANA MARIA PEREZ ESTIU, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-5976 |
| § | |
| WARDEN, Montgomery Processing § | |
| Center, *et al.* § | |
| § | |
| Respondents. § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Ana Maria Perez Estiu is detained in the custody of officials with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center. Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) seeking immediate release or a bond hearing under 8 U.S.C. § 1226(a).

The petitioner states that she is a Cuban national; that she entered the United States in 2021 and was released by immigration authorities; that she is entitled to relief as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz,* No 5:25-cv-01873-SSS-BFM (C. D. Calif); that an immigration judge denied her application for bond on December 4, 2025; that her detention is unlawful under the Immigration and

Nationality Act; and that the respondents have not articulated any lawful basis to detain her.

On December 16, 2025, the Court entered an order for expedited answer (Dkt. 4) and an order to show cause (Dkt. 5). The parties filed responsive briefing (Dkt. 9; Dkt. 10). On December 22, 2025, the Court held a hearing on the order to show cause and heard the parties on appropriate habeas relief for this case.

The respondents oppose habeas relief and argue that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) (Dkt. 9). They further argue that the California class action does not entitle petitioner to relief.

Having considered the parties' briefing, their arguments at the hearing, and all matters of record, the Court determines that the petitioner, who entered the United States in 2021, is not subject to mandatory detention under 8 U.S.C. § 1225(b). *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514 (7th Cir. Dec. 11, 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025).

The Court therefore **ORDERS** that the petitioner's petition for habeas relief is **GRANTED**. The respondents are **ORDERED** to provide the petitioner with a bond

hearing under 8 U.S.C. § 1226(a), with all attendant burdens of proof, within seven days of the date of this order.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on    December 22   , 2025.

                                                GEORGE C. HANKS, JR.
                                            UNITED STATES DISTRICT JUDGE