United States District Court
Southern District of Texas

**ENTERED**

May 21, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANA MARIA PEREZ ESTIU, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-5976 |
| | § | |
| WARDEN, Montgomery Processing Center, | § | |
| *et al.* | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Ana Maria Perez Estiu filed this habeas action on December 11, 2025 (Dkt. 1).  Her sole habeas claim was that her detention violated the INA and she was eligible for consideration for release on bond under 8 U.S.C. § 1226 and *Maldonado Bautista v. Santacruz,* Civil Action No. 5:25-1873-SSS-BFM (C.D. Cal.).

On December 22, 2025, after a hearing, the Court determined that the petitioner was not subject to mandatory detention under 8 U.S.C. § 1225(b) and granted the petition.  The Court stated, "The respondents are **ORDERED** to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with all attendant burdens of proof, within seven days of the date of this order" (Dkt. 12, at 2-3).  The Court then entered a final judgment stating that the judgment did not preclude post-judgment relief as appropriate (Dkt. 13).

On April 13, 2026, the petitioner filed a Second Petition for Writ of Habeas Corpus (Dkt. 14) raising a procedural due-process claim.  She states that, after this Court granted habeas relief, an immigration judge denied her application for release on bond after

concluding, "without an in-depth analysis," that she was a flight risk (Dkt. 14, at 2).  The petitioner appealed the bond denial to the BIA and the appeal remains pending.  Her second petition seeks immediate release on due-process grounds.

The Court declines to adjudicate the petitioner's second petition.  The Court adjudicated her first petition, which did not bring a constitutional claim, and entered judgment.  According to the second petition, the respondents provided a bond hearing as ordered, and the immigration judge denied bond.  The second petition raises a due-process claim that was not previously before the Court. The petitioner does not cite Federal Rule of Civil Procedure 60(b) and provides no valid basis to reconsider the prior judgment.  *See Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005) (a Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories).

The petitioner's second petition (Dkt. 14) is **DENIED without prejudice** to the petitioner initiating a new habeas action with the same claims.

The Clerk will provide a copy of this order to the parties.

 SIGNED at Houston, Texas on May 21, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE